# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
2007 MAR 30 PM 2: 31
CLER
SO. DIST. OF GA.

RAY WALKER, SR.               )
                             )
    Plaintiff,          )
                             )
v.                           )    Case No.  CV607-009
                             )
MICHAEL A. TOQRMINA,         )
                             )
    Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Lee State Prison in Leesburg, GA, has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On March 6, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff alleges that defendant, Dr. Michael A. Toqrmina, took plaintiff's cervical collar after he determined that plaintiff was capable of greater motion in his neck and that the pain in plaintiff's fingers was "hypothetic proximal." Doc. 1. Plaintiff claims that this evaluation was

made without defendant looking at his files or performing any tests.  Id.
Plaintiff seeks $15 million in damages for pain and suffering.  Id.

To prevail in a § 1983 action, a plaintiff must establish both a violation of a right secured by the Constitution or the laws of the United States *and* demonstrate that the alleged violation was committed by a person acting under color of state law. Bannum, Inc. v. City of Ft. Lauderdale, 901 F.2d 989, 996-97 (11th Cir. 1990).

Plaintiff does not specifically allege in his complaint that Dr. Toqrmina was acting under color of state law, nor has he furnished any information which would allow the Court to infer that the defendant was a state actor.   A   physician under contract with a state to provide medical services to state prison inmates acts under color of state law for purposes of 42 U.S.C. § 1983 when undertaking his duties in treating an inmate's health. West v. Atkins, 487 U.S. 42, 54 (1988).  However, a private physician unaffiliated with any state institution is not acting under color of state law merely because he provides medical services to a state prisoner. See Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir.

1992). Here, plaintiff has failed to allege an essential element of a § 1983 claim.

Even assuming that defendant was acting under color of state law at the time in question, plaintiff has not alleged a violation of any of his constitutional rights. A complaint "that a physician has been *negligent* in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (emphasis added) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) ("[I]t is obduracy and wantonness, not inadvertence or error in good faith,' that violates the Eighth Amendment in 'supplying medical needs.'") (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Plaintiff has failed to allege that defendant was deliberately indifferent to his serious medical needs  or  that he intentionally denied plaintiff needed medical care knowing that it would cause him harm or pain. Plaintiff states in his complaint that defendant made a diagnosis that plaintiff no longer needed his cervical collar, a diagnosis that plaintiff simply disagrees with.

Doc. 1. At most, plaintiff has stated a garden-variety negligence claim that is not actionable under § 1983.

Plaintiff has failed to meet either of the essential elements necessary to establish a prima facie case under § 1983. Based on the foregoing, plaintiff's complaint should be DISMISSED for failure to state a claim for relief under 42 U.S.C. § 1983.

**SO REPORTED AND RECOMMENDED this** _29th_ **day of March, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA